# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2245-16T7

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

HASHEEN SANDERS,

    Defendant-Respondent.

_____

Submitted March 7, 2017 — Decided April 12, 2017

Before Judges Fisher and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Complaint No. W-2017-000013-0712.

Carolyn A. Murray, Acting Essex County Prosecutor, attorney for appellant (Kayla Elizabeth Rowe, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant (Tamar Lerer, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

We granted the State's motion for leave to appeal the trial court's January 31, 2017 order denying the State's motion for

the detention of defendant and imposing conditions for defendant's pretrial release. We affirm.

Defendant was charged in four complaint-warrants in connection with four separate incidents that allegedly occurred on January 11, 2017. He was charged in three of the incidents with third-degree attempted burglary,[1] N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:18-2(a)(1). In the fourth incident, defendant was charged with second-degree burglary, N.J.S.A. 2C:18-2(a)(1), and third-degree theft, N.J.S.A. 2C:20-3(a).

The State moved for defendant's pretrial detention. At a January 31, 2017 hearing, the State presented the complaint-warrants, affidavits of probable cause, preliminary law enforcement incident reports (PLEIR), and the public safety assessment (PSA).[2]

---

[1] The parties and court incorrectly identified the attempted burglary charges as fourth-degree offenses. An attempted burglary is of the same degree as the completed crime of burglary. N.J.S.A. 2C:5-4. Under our criminal code, burglaries are graded as either second-degree or third-degree offenses. N.J.S.A. 2C:18-2(b). The complaint-warrants alleging the attempted burglaries here do not include any facts supporting a charge of attempted second-degree burglary. See N.J.S.A. 2C:18-2(b)(1) and (2). There is no basis in the record to conclude the misconception concerning the degrees of the three attempted burglaries affected the court's release decision.

[2] The nature of these documents and their application in matters governed by the new Bail Reform Act, N.J.S.A. 2A:162-15 to -26, which became effective January 1, 2017, are more fully discussed
(continued)

The judge determined the affidavits established probable cause for each of the charges. The affidavits showed defendant's fingerprints were found at the scenes of two of the attempted burglaries, and a boot print found at the scene of the third attempted burglary matched the boots worn by defendant at the time of his arrest. Defendant admitted to the commission of two of the attempted burglaries, including the one where the boot print was found. Defendant was also identified by the victim of the alleged second-degree burglary, and defendant confessed to committing that burglary as well.

The PSA assigned a score of three for risk of failure to appear, four for risk of criminal activity, and a flag for an elevated risk of violence. The PSA included a recommendation against defendant's pretrial release. Defendant did not dispute there was probable cause for the charges and acknowledged his prior criminal record, but argued it had been five years since his last criminal conviction and that detention was not necessary to either protect the public or ensure his appearance at future court proceedings.

_____

(continued)
elsewhere. See State v. Robinson, __ N.J. Super. __ (App. Div.), leave to appeal granted, __ N.J. __ (2017); State v. Ingram, __ N.J. Super. __ (App. Div.), leave to appeal granted, __ N.J. __ (2017); State v. C.W., __ N.J. Super. __ (App. Div. 2017).

The judge noted that the State had "a very strong case" and explained he was required to "consider a number of different factors in determining whether or not to detain" defendant. The court considered defendant's age and criminal history, including his prior convictions for eluding, multiple aggravated assaults, possession of a controlled dangerous substance, and a number of prior failures to appear for court proceedings. The judge acknowledged defendant was previously sentenced on three occasions to lengthy prison terms. The judge also considered the PSA's scoring of the risk factors and its recommendation against release, which the judge recognized could be utilized to overcome the presumption of release to which defendant was otherwise entitled.

The judge found probable cause and concluded that the facts presented a detention decision that "could go either way," but was satisfied there were accommodations and conditions that would ensure defendant's appearance in court and protect the community.[3]

---

[3] We reject the State's contention that the judge's rhetorical statement, "I don't know why but I'm inclined . . . to . . . keep you under [twenty-four]-hour house arrest," shows the judge did not have a reasoned basis for his release decision. The record shows the court reviewed the seriousness of the charges, defendant's prior criminal history, and the PSA and made a reasoned determination there were conditions short of detention

(continued)

The judge conditioned defendant's release upon his residing with his niece with twenty-four hour home detention and electronic monitoring, weekly telephone reporting to pre-trial services, and bi-weekly personal reporting to pre-trial services. Defendant was further ordered to avoid all contact with the victims and to report any change of address to pre-trial services.

Following the State's filing of the motion for leave to appeal the court's order, the judge issued a letter opinion amplifying the reasons for his decision in accordance with Rule 2:5-6(c). The judge explained that he "placed [d]efendant on the strictest conditions possible, short of detention," that the electronic monitoring "will pinpoint and provide satellite coordinates of [defendant's] exact location at all times," and that "pretrial services will be able to confirm [defendant's] location at all times." The judge determined the conditions imposed ensure defendant's appearance at all court proceedings, the protection of the community, and that defendant will not obstruct the criminal justice process.

---

(continued)
that ensured defendant's appearances for court appearances and protected the public.

Based on our review of the record, we do not discern any abuse of the judge's considerable discretion, see C.W., supra, slip op. at 33-40, by releasing defendant upon the strict and comprehensive conditions set forth in the court's order, and determining the State failed to satisfy its "heavy burden [of establishing] the need for detention by 'clear and convincing evidence.'" Id. at 38 (quoting N.J.S.A. 2A:162-18(a)(1)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2245-16T7